IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| STRATEGIC RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv992 (JCC) |
| ) | |
| MICHAEL J. NEVIN, ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's breach of contract claim regarding the non-competition clause and non-solicitation clause in the Employment Agreement for failure to state a claim upon which relief may be granted. For the reasons stated below, the Court will grant Defendant's Motion.

### **I. Background**

Plaintiff, Strategic Resources, Inc. ("SRI"), employed Defendant, Michael J. Nevin ("Nevin"), from April 4, 2005 to August 3, 2005 after he signed SRI's Employment Agreement. Nevin served as the Program Director over SRI's "CONUS contract" during his four month employment. On August 5, 2005, Nevin resigned from SRI without giving notice; he is now employed at EPS Field Services ("EPS") as the head of EPS's Huntsville, Alabama office.

Following Nevin's resignation, SRI allegedly discovered that Nevin removed confidential files, deleted confidential

electronic files and emails, and electronically transferred confidential files and emails to his personal email account. These actions constitute a violation of the Employment Agreement and, SRI alleges, a violation of his common law duty of loyalty to SRI.

Plaintiff filed a Complaint on August 25, 2005, claiming breach of contract, conversion, and breach of fiduciary duty.  On September 16, 2005, SRI filed a Motion for Preliminary Injunction, which the parties resolved through a consent order. The consent order allowed Nevin to continue working for EPS as long as he did not work on issues related to the CONUS contract.

On November 10, 2005, Defendant filed a Partial Motion to Dismiss the breach of contract claim that is based on the non-competition and non-solicitation clauses for failure to state a claim upon which relief can be granted.  Defendant also seeks to dismiss Plaintiff's injunctive relief request which asks that Defendant be prohibited from accepting employment with a "competitor" of Plaintiff.  This Motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III. Analysis

A. Non-Compete Clause

Defendant first seeks to dismiss the breach of contract claim, Count I, to the extent that it alleges that Nevin breached the Employment Agreement by accepting employment with a competitor. SRI relies on the non-competition clause to support this claim. Yet, Nevin claims the non-competition clause is unenforceable on its face. Defendant's general grievances with the non-competition clause are two-fold: 1) it is overly broad in the employment industries to which extends, and 2) it is overly broad in its geographic scope. The non-competition clause reads as follows:

> EMPLOYEE agrees that for a period of two (2) years following the termination of his/her employment with SRI, regardless of the reason for termination, or for the two (2) year period following enforcement of this covenant by a court of competent jurisdiction, whichever is later, EMPLOYEE shall not become associated (as an EMPLOYEE, officer, director, stockholder, proprietor, partner, consultant or in any other capacity), either directly or indirectly, for his/her own account or for the account of any other person or entity, with any firm or business that provides management, information system, and engineering consulting services.

(Def.'s Mot. Ex. A, ¶ 11).

Quite simply, "[c]ovenants not to compete are restraints on trade and accordingly are not favored." *Motion Control Systems, Inc. v. East*, 262 Va. 33, 37 (2001). It is the employer that "bears the burden to show that the restraint is reasonable and no greater than necessary to protect the employer's legitimate business interests." *Id.* Furthermore, "[a]s a restraint of trade, the covenant must be strictly construed and, if ambiguous, it must be construed in favor of the employee." *Id.* (citing *Richardson v. Paxton Co.*, 203 Va. 790, 794-95 (1962)).

Defendant alleges that the non-competition clause is overly broad because of the employment area to which it extends, namely "any firm or business that provides management, information system, and engineering consulting services." The purpose of a covenant not to compete is "to prevent an employee from engaging in activities that actually or potentially compete

-4-

with the employee's former employer." *Omniplex World Services Corp. v. US Investigation Services, Inc.*, 270 Va. 246, 249 (2005). Thus, a covenant is overbroad and unenforceable if it extends to positions or industries with which the employer is not actually or potentially competitive. In *Omniplex* a non-compete clause was struck down for over-breadth when it precluded an employee from working for any business that provided support of any kind to the government agency for which the employer provided staffing, not only security staffing businesses that were in competition with the employer.

In *Motion Control Systems*, the Virginia Supreme Court struck down a non-compete clause restricting employment with motor manufacturers that did not manufacture motors similar to the original employer. 262 Va. at 37-38. Likewise, in *Richardson v. Paxton Co.*, a covenant not to compete that restricted a former employee who sold specific supplies and services from working for any employer involved with any kind of supplies, equipment, or services in the same industry was found to be overbroad because the clause encompassed business for which the former employer did not compete. 203 Va. at 795. Finally, in *Roto-Die Co. v. Lesser*, the Court found unreasonable a clause that did not properly limit the prohibited employment roles a former employee could hold with competitors to those which the

former employee undertook with the employer.  899 F. Supp. 1515, 1520 (W.D. Va. 1995).

SRI states that the scope of the non-competition clause is limited to its core business areas - management, information technology, and engineering consulting services.  Even while recognizing that SRI is a company in a competitive industry that involves confidential information, the scope of the clause extends beyond employment with which SRI is or potentially would be competitive.  There are certainly companies that are involved in management, information technology, and engineering consulting services worldwide with which SRI is not in potential competition.  Plaintiff's non-competition clause is not limited to employment areas with which it is competitive, and therefore it must be struck down as overbroad and unreasonable.

As for Defendant's overbroad geographic scope argument, SRI admits that the non-competition clause does not have a geographic scope and justifies the fact by asserting that "SRI is an international organization providing services worldwide." (Pl.'s Opp. 12).  SRI continues that "[a] specific geographic limitation expressed in terms of miles . . . would be meaningless, because the company provides on-site services and bids for contracts with, commercial and governmental entities around the globe." (Pl.'s Opp. 12).  However, the Plaintiff cites no precedent supporting the assertion that a world-wide

covenant to compete is reasonable simply because the company is an international organization.  Companies with a world-wide presence have narrowly tailored their non-competition clauses by providing a geographic scope around any company office.  *See Advanced Marine Enterprises v. PRC*, 256 Va. 106, 111 (1998).

The standard that provisions without specific geographic limitations are not per se overly broad as long as they are directed to where the employer actually does business does not support the non-competition clause at issue here.  Both *Roanoke Engineering Sales Company v. Rosenbaum* and *Blue Ridge Anesthesia & Critical Care, Inc. v. Gidick*, both cited by Plaintiff, stand for the position that non-competition clauses are not overly broad when related to the area covered or serviced by the employer.  *See Roanoke Engineering Sales*, 223 Va. 548 (1982); *Blue Ridge Anesthesia*, 239 Va. 369 (1990).  However, the world-wide clause at issue in the present Motion is not limited to areas covered or serviced by the employer; it covers the entire globe.  Although SRI touts itself as an international organization, its influence is not universal, and although painstaking, Plaintiff could list the countries with which it is heavily involved.  As such, this world-wide non-competition is unreasonable in regards to its geographic scope.

Defendant seeks to dismiss Plaintiff's prayer for injunctive relief requesting that Nevin be prohibited from

accepting employment with a "competitor" of SRI. Based on the same reasoning above that the non-competition clause is overly broad, the Court will dismiss Plaintiff's prayer for injunctive relief.

B. Non-Solicitation Clause

     Secondly, Defendant seeks to dismiss the breach of contract claim, Count I, to the extent that it alleges that Nevin breached the non-solicitation clause of the Employment Agreement. The non-solicitation clause provides:

> EMPLOYEE covenants and agrees that during the term of his/her employment with SRI, and for the two (2) year period following the termination of employment, regardless of the reason for termination . . . EMPLOYEE will not either directly or indirectly, for himself/herself or for any other third party do any of the following actions: (a) offer employment to any SRI employee or contractor, or solicit such SRI employee or contractor for employment by any other person, company or other business entity; (b) offer services to or solicit the business of any person, business, governmental agency or subdivision if the services being offered or the business being solicited is the same or similar services as those provided by SRI and that person, business, governmental agency or subdivision who (I) purchased goods or services from SRI in the five years preceding EMPLOYEE's voluntary or involuntary termination of employment with SRI; or (ii) was called upon, solicited or contracted by EMPLOYEE or which/who contacted EMPLOYEE during the five years preceding EMPLOYEE's voluntary or involuntary termination of employment with SRI regarding SRI's potential or actual provision of goods or services; or (iii) received any bid or proposal from SRI for the provision of goods or services during EMPLOYEE's employment agreement with SRI.
> For the purposes of this Agreement, services which are the same or similar to those provided by SRI are management, information systems and engineering consulting services.

(Def.'s Mot. Ex. A, ¶ 10).  Solicitation clauses are reviewed under the same standards as those developed for non-competition clauses because solicitation is a form of competition.  This non-solicitation clause is, if anything, more expansive than the aforementioned non-competition clause.  Having found that the non-competition is overbroad, the Court will find that the non-solicitation clause is also overbroad and, as such, unreasonable.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss.  An appropriate Order will issue.


November 23, 2005                     _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE